## Colbert v. Edelstein & Bernstein, Inc., et al.

*Henry J. Scott*, for plaintiff and rule; *Nathan L. Edelstein*, contra.

SMITH, P. J., August 23, 1932.—A petition was presented by the plaintiff for a rule to show cause why Jacob Edelstein and Samuel Bernstein should not be held for contempt. The petition alleges that on January 19, 1932, this court made the following decree:

"It is ordered, adjudged and decreed that the defendants, Edelstein and Bernstein, Inc., and Maurice J. Pols, pay unto the plaintiff the sum of $1000, with interest from February 11, 1930, and that the defendants pay the costs of this proceeding."

On February 3, 1932, a copy of said decree was served on Jacob Edelstein, president of the corporation known as Edelstein & Bernstein, Inc., and on Samuel Bernstein, the secretary of said corporation. The petition further avers that Jacob Edelstein and Samuel Bernstein have failed to comply with said decree of the court and are in contempt for disobedience of the order.

An answer was filed by the defendants, admitting that the court had made the decree directing Edelstein & Bernstein, Inc., and Maurice J. Pols to pay the plaintiff the sum of $1000 with interest and costs; but it denies that any decree was made against Edelstein and Bernstein as individuals. It is also admitted in the answer that a copy of the decree was served upon Jacob Edelstein as president and upon Samuel Bernstein as secretary of Edelstein & Bernstein, Inc., the defendant. It also denies that Edelstein and Bernstein are in contempt of court.

The answer further denies that the court has jurisdiction to make the rule absolute and issue an attachment, for the reason that the matter in which this decree was made arose out of a contract; and it alleges that the court has no jurisdiction to issue an attachment for failure to pay money that has been decreed by the court arising out of a contract.

It is true that a contract had been entered into between the plaintiff and Edelstein & Bernstein, Inc., wherein the corporation had agreed to sell to plaintiff certain property, on which a payment was made by the plaintiff in the sum of $1000; but a reference to the proceedings shows that Edelstein & Bernstein, Inc., failed to comply with the terms of this agreement, that they permitted the property to go out of their hands, and that plaintiff had been ready and willing to comply with the covenants which he had entered into, as contained in the agreement for the purchase of the property, and that he so notified the defendants. Whereupon the court made an order directing the return of the money which plaintiff had advanced on account of the contract. This the defendants refused to do.

In the argument advanced by counsel, it is stated that one reason why the attachment should not be enforced is because service was not made upon Edelstein and Bernstein as individuals. However, he admits that Edelstein was served as president and Bernstein as secretary.

We do not believe that a defense of this kind is worth considering, because the only purpose of notice of any kind is to acquaint the parties who may be affected by the order or decree that might be made prejudicial to their interests.

The contention on the part of defendants that the decree cannot be enforced by attachment because it arises out of a contract is not sound, for the reason that these defendants, as president and secretary of the corporation, have received from the plaintiff $1000 of his money, and while they say they do not have it in their hands, that the company does not have it in its possession, by this statement they clearly show that they misappropriated this money or converted it to their own use or the use of the company; and it comes with poor grace upon their part to appear before the court and say that they cannot pay it back because the company does not have it.

It is well settled in this state that the officers of a corporation will be held liable for contempt if they knowingly breach an injunction decree against the corporation. We think the same principle should apply where the officers of a corporation knowingly accept money on a contract and then breach the contract and appropriate the money to their own use or the use of the corporation and fail or refuse to return it to the owner.

After considering the petition and answer and the argument of counsel, we conclude that the rule granted to show cause why an attachment should not issue should be made absolute.

And now, August 23, 1932, the rule to show cause why an attachment should not issue for contempt is made absolute, and an attachment is directed to issue as prayed for in the petition.